

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| *BOBBY JOE EVANS,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. 4:02-CV-280 |
| | § | (Judge Schell) |
| *DOUG DRETKE, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Bobby Joe Evans, brings this petition for habeas relief pursuant to 28 U. S. C. § 2254.

### PROCEDURAL HISTORY

Petitioner was indicted for driving while intoxicated; convicted and sentenced to twenty years imprisonment in the 219th Judicial District Court in Collin County. Count One of the indictment alleged the primary offense and also contained nine paragraphs alleging prior DWI convictions. Additionally, the indictment contained punishment enhancement paragraphs B through G, all alleging prior felony convictions. Petitioner waived his right to a jury trial and pleaded not guilty. At trial, the State abandoned two of the Count One DWI enhancement paragraphs and presented evidence of the seven remaining prior DWI convictions.

Specifically, the State presented evidence of the following:

(1)    Cause No. 199-81362-92 in the 199th Judicial District Court of Collin County, date of judgment January 19, 1993;

(2)    Cause No. 17543 in the 6th Judicial District Court of Fannin County, date of judgment October 30, 1992;

(3)    Cause No. F86-251-HR in the 199th Judicial District Court of Collin County, date of judgment December 15, 1986;

(4)    Cause No. F86-253-HR in the 199th Judicial District Court of Collin County, date of judgment December 15, 1986;

(5)    Cause No. MB8519397L in the County Criminal Court B of Dallas County, date of

judgment August 19, 1986;

(6)     Cause No. F83-246-HR in the District Court of Collin County, date of judgment April 25, 1984; and

(7)     Cause No. F84-029-R in the District Court of Collin County, date of judgment April 25, 1984 *(Evans vs. State, 2000 WL 1690182).*

Petitioner brings several grounds for habeas relief, some of which overlap:

1.      The DWI offenses which occurred before July 21, 1998, cause numbers F83-246-HR, F84-029-R, MB85-19397-L, F86-251-HR, and F86-253-HR, were too remote to be used to enhance his July 21, 1998 (cause number 219-81397-98) DWI offense to a third-degree felony offense.

2.      The same prior offenses were used repeatedly in Count I of the indictment; specifically, he claims that cause numbers F83-246-HR, F84-029-R, F86-251-HR, and F86-253-HR were used in paragraphs 9, 8, 6, and 5 and used again in paragraphs 3, 4, 5, and 6 in Count I.

3.      With regard to the punishment enhancement paragraphs included in the indictment, cause numbers C74-3475-PQ and CRF-76-1314 were used in counts B and C of the indictment and then included again in count G of the indictment.

4.      His convictions in cause numbers F83-246-HR, F86-251-HR, and F86-253-HR were used to enhance cause numbers 199-81362-92 and 17543; therefore, they were inadmissible to enhance his July 21, 1998 DWI offense in cause number 219-81397-98.

5.      The convictions used as enhancements in Count I of the indictment, with the exception of his conviction in cause number 17543, were not fingerprinted as required under state law; thereby, rendering them invalid for enhancement purposes.

6.      His convictions in cause numbers F83-246-HR and F84-029-R were inadmissible for enhancement purposes because his trial counsel in those cases erroneously advised him to plead guilty, and the court rendering the judgment and the attorney for the State are not named.

7.      His conviction in cause number MB85-19397-L is inadmissible for enhancement purposes because the judgment identifies the convicting court as court "10," and the State alleged that it was issued from convicting court "B," which does not exist in Dallas County.  Moreover he claims the conviction is inadmissible because the judgment does not show who received the sentence, what offense was committed; it fails to identify a cause number, and no State or defense attorney was listed.

2

8.    His convictions in cause numbers F86-251-HR and F86-253-HR were
      inadmissible for enhancement purposes because the State waived jurisdiction
      over him. On May 9, 1990, after the State received an order requiring it to
      show justification for the detainer placed on him, the State opted to waive its
      claim on him before his sentence was completed and released him from
      custody.

9.    His convictions in cause numbers F86-251-HR and F86-253-HR were
      inadmissible for enhancement purposes with regard to his July 21, 1998 DWI
      offense because the State alleged in the indictment that the convictions
      occurred on December 15, 1986, a date when he had not been in court, and
      then presented the conviction dates as December 30, 1986 and July 31, 1992
      at trial.

10.   The special enhancement provision in Section 49.09 of the Texas Penal Code
      for DWI cases, used to enhance his July 21, 1998 DWI offense to a third-
      degree felony, is incompatible with the general enhancement provision of
      Section 12.42 of the Texas Penal Code; specifically, he claims that the DWI
      enhancement statute is a self-contained statute which precludes the additional
      application of the general enhancement statute.

11.   His convictions in cause numbers 199-81362-92 and 17543 should not have
      been used as convictions for enhancement purposes under Texas law because
      his sentences in those cause numbers were probated.

12.   His conviction in cause number 17543 was inadmissible as an enhancement
      for lack of jurisdiction because it was enhanced with his convictions in cause
      numbers F86-251-HR and F86-253–HR, which were invalid because the State
      had waived jurisdiction over them, *see supra* allegation 8, and because his
      counsel was ineffective because he did not investigate his prior convictions or
      the facts of his case, and failed to contact him until the day of trial.

13.   His conviction in cause number 199-81362-92 was admitted in violation of the
      Double Jeopardy Clause and in violation of the Sixth Amendment because the
      Texas Court of Criminal Appeals granted habeas relief, ordering him released
      from custody, and because his trial counsel was ineffective for failing to
      investigate the validity of cause number F86-251-HR, which was used to
      enhance cause number 199-81362-92, *see supra* allegations 8 and 12, to a
      felony offense.

14.   The State failed to prove the nine prior convictions alleged in Count I of the
      indictment.

15.   His conviction was obtained with the use of perjured testimony because a
      State's witness's testimony established that Petitioner had been convicted in
      cause number 199-813262-92 based on a jail packet that was altered and

3

contained erroneous information and because it also included a photo copy of a picture that was of poor quality and provided Petitioner's name next to the picture, thus rendering the photo line-up invalid.

16.   The trial judge was biased because he:

    a.   admitted State's Exhibits 12, 13, 18 and 22-25 into evidence without justification from the State,

    b.   called a recess during the punishment phase of his trial to allow more time for the prosecutor to gather evidence,

    c.   chastised him for preserving his option to appeal, and

    d.   ignored his protests concerning his appointed counsel despite his complaint submitted to the State Bar.

17.   His trial counsel, Rosenstein, rendered ineffective assistance throughout the entire trial because he:

    a.   failed to investigate the validity of his prior convictions,

    b.   failed to request a pre-trial hearing to contest invalid prior convictions,

    c.   provided Petitioner with misleading information about the trial date,

    d.   waived his right to a speedy trial,

    e.   failed to obtain any evidence on his behalf, and

    f.   failed to make any objections on Petitioner's behalf.

18.   His appellate counsel, Rosenstein, rendered ineffective assistance because he:

    a.   failed to pursue his direct appeal, and

    b.   failed to notify him when his conviction was affirmed and failed to inform him that he could file a *pro se* PDR, thereby denying him his right to file a PDR.

19.   The Texas Court of Criminal Appeals wrongly denied him an out-of-time PDR and then refused his out-of-time PDR.

20.   Counts A-F as presented in the indictment are inadmissible as punishment

4

enhancements because all of the offenses did not occur prior to every paragraph in Count I. Additionally, with respect to each punishment enhancement Petitioner claims the following:

c.   Count A was inadmissible because it was not an offense under Texas law,

d.   Count B was inadmissible because it lacked signatures and because retained counsel did not appear and the expected probation was not assessed, and

e.   Counts C-F were inadmissible because no indictments or waivers were ever presented.

21.   He is entitled to a non-discretionary mandatory supervision release date because the prior offense used to enhance the July 21, 1998 DWI offense occurred before September 1, 1996, the date which the discretionary mandatory supervision statute went into effect and the savings clause precludes the application of the discretionary mandatory supervision statute where any element of the offense occurred prior to its effective date; thus, the State is retroactively applying its mandatory supervision statute to his sentence in cause number 219-81397-98 and prolonging his sentence.

## DISCUSSION AND ANALYSIS

This petition is subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C.A. § 2254. The AEDPA provides, in pertinent part:

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2000).

5

In *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court interpreted Section 2254(d)(1) of the AEDPA. The Court noted that a state court decision may be "contrary to" Supreme Court law in two ways: first, if the state court arrives at a conclusion opposite that of the Supreme Court on a question of law; and second, if the state court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite conclusion. *Williams*, 529 U.S. at 405, 120 S. Ct. at 1519 (citing *Green v. French*, 143 F.3d 865, 869-870 (4th Cir. 1998)). In determining whether a state court decision involves an "unreasonable application" of Supreme Court law, a federal habeas court's "inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409, 120 S. Ct. at 1521. Under this analysis, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411, 120 S. Ct. at 1522; *see Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000) (the standard for federal habeas relief is one of objective reasonableness), *cert. denied*, 121 S. Ct. 2220 (2001); *see also Neal v. Puckett*, 239 F.3d 683 (5th Cir. 2001) (holding that under the AEDPA, a State court's conclusion of lack of prejudice, although incorrect, was not an unreasonable application of clearly established federal law).

In review of a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S. C. § 2254(e)(1); *Jackson v. Johnson,* 150 F.3d 520, 524 (5th Cir. 1998).

With regard to all of the allegations raised in the Petitioner's federal habeas corpus petition, the Texas Court of Criminal Appeals denied Petitioner's state habeas corpus relief on the merits of his claims. *Ex parte Evans*, Application No. 17,172-04. Under the AEDPA, Petitioner must show that this decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an

6

unreasonable determination of the facts in light of the evidence . . ."  28 U.S.C. § 2254(d).  In his federal petition, Petitioner presents the same allegations from his state habeas application without attempting to show that the denial was an unreasonable application of federal law as determined by the Supreme Court or based on an unreasonable determination of facts in light of the evidence.

## *INVALIDITY OF ENHANCEMENT PARAGRAPHS.*

Petitioner's allegations in grounds **1, 4-9, 11-13, and 15** (noted above) relate to the invalidity of the enhancement paragraphs.  In federal habeas corpus actions, federal courts do not sit to review the mere admissibility of evidence under state law or errors under state law. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States."); *Weeks v. Scott*, 55 F.2d 1059, 1063 (5th Cir. 1995); *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992) ("errors of state law, including evidentiary errors, are not cognizable in habeas corpus") (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, (1991).  Evidentiary rulings of a state court do not warrant federal habeas corpus relief unless the errors are so extreme that they constitute a denial of fundamental fairness under the Due Process Clause. *Little,* 162 F.3d at 862.  Habeas relief is warranted only when erroneous admission played a crucial, critical, and highly significant role in the trial. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir.1983).

Allegations 1, 4-9, 11-13, and 15 merely challenge the trial judge's rulings regarding the admissibility of Petitioner's prior DWI convictions to enhance his July 21, 1998, DWI offense to a third-degree felony under Sections 49.09(b) and (e) of the Texas Penal Code; thus, these claims must be dismissed. *Little,* 162 F.3d at 862.

Petitioner has failed to establish that the Court of Criminal Appeals' decision to deny relief "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

7

presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals's decision to deny Petitioner relief on these claims must be upheld because Petitioner's two prior convictions for DWI in cause numbers 199-81362-92 and 17543 were properly admitted to enhance Petitioner's July 21, 1998, DWI offense to a third-degree felony.   TEX. PEN. CODE ANN. §§ 49.09 (b), (e) (Vernon 1994 and Vernon Supp. 2001). Thus, even assuming *arguendo*, that Petitioner's convictions in cause numbers F86-251-HR, F86-253-HR, MB8519397L, F83-246-HR, and F84-029-R were improperly admitted under Texas law, it was harmless error in light of the fact that the State proved that he had twice been convicted of DWI in cause numbers 199-81362-92 and 17543 within the requisite time period. *See,* TEX. PEN. CODE ANN. §§ 49.09 (b), (e); *McGee v. Estelle,* 732 F.2d 447, 451 n.5 (5th Cir. 1984) (finding that the invalidity of a prior conviction used to enhance the Petitioner's punishment would have been harmless if other convictions had been alleged in the indictment and proved by the State); *Webster v. Estelle*, 505 F.2d 926, 931 (5th Cir. 1974) ("[w]here enhancement could have been based on other convictions, reliance on an invalid one is harmless.") As a result, Petitioner cannot show that there was a violation under the federal Due Process Clause which would entitle him to federal habeas corpus relief.   Petitioner seems to ignore that this was his eighth DWI conviction.

Texas's DWI statute provides in pertinent part:

> (a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place
>
> (b) Except as provided by Subsection (c) and Section 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours . . .

TEX. PEN. CODE ANN. §§ 49.04 (a), (b) (Vernon Supp. 1999). Moreover Texas's DWI enhancement statute provides:

> (a) If it is shown on the trial of an offense under Section 49.04, 49.05, or 49.06 that the person has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated, an offense of operating an aircraft while intoxicated, or an offense of

8

operating a watercraft while intoxicated, the offense is a Class A misdemeanor, with a minimum term of confinement of 30 days.

(b) If it is shown on the trial of an offense under Section 49.04, 49.05, or 49.06 that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, an offense of operating an aircraft while intoxicated, or an offense of operating a watercraft while intoxicated, the offense is a felony of the third degree.

(c) For the purposes of this section:
(1) "Offense relating to the operating of a motor vehicle while intoxicated" means:
(A) an offense under Section 49.04;
(B) an offense under Section 49.07 or 49.08, if the vehicle operated was a motor vehicle;
(C) an offense under Article 67011-1, Revised Statutes, as that law existed before September 1, 1994;

* * *

(d) For the purposes of this section, a conviction for an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08 that occurs on or after September 1, 1994, is a final conviction, whether the sentence for the conviction is imposed or probated.

(e) A conviction may not be used for purposes of enhancement under this section if:
(1) the conviction was a final conviction under Subsection (d) and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and
(2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated committed within 10 years before the date on which the offense for which the person is being tried was committed.

(f) A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12, but not under both this section and Subchapter D.

TEX. PEN. CODE ANN. § 49.09.

In the instant case,  the court admitted evidence of Petitioner's prior DWI convictions in

9

cause numbers 199-81362-92 and 17543.  The court then found Petitioner guilty of the third-degree felony offense of DWI..

In his federal habeas corpus petition Petitioner alleges that his conviction in cause number 199-81362-92 was inadmissible for enhancement under Section 49.09 because: (1) the judgment was not fingerprinted as required by Texas law; (2) he received a probated sentence; (3) the Texas Court of Criminal Appeals granted him state habeas corpus relief with regard to this conviction and released him from custody; (4) his trial counsel was ineffective because he failed to investigate the validity of the convictions used to enhance his offense in cause number 199-81362-92; and (5) the use of perjured testimony because the State's expert witness testified that he matched Evans's fingerprints with a fingerprint card in the Collin County jail packet when both cards were printed for cause number 219-81397-98, and Exhibits 2-5, pertaining to his prior felony conviction for DWI in cause number 219-81397-98, were inadmissible due to the fact that the jail packet contained erroneous information.

Although the judgment in cause number 199-81362-92 was not fingerprinted, Petitioner's claim that the absence of fingerprints invalidates his conviction for enhancement purposes is without merit. "A prior conviction alleged for enhancement purposes may be established by certified copies of a judgment and sentence and authenticated copies from the Texas Department of Corrections, including fingerprints, supported by expert testimony matching them to the known prints of the defendant." *Zimmer v. State*, 989 S.W.2d 48,  50 (Tex. App.– San Antonio (1998) (citing *Beck v. State*, 719, S.W.2d 205, 209, (Tex. Crim. App. 1986)).  In this case, State's Exhibit 2, a Collin County, Texas jail packet relating to Petitioner's conviction in cause number 199-81362-92, included a finger print card and was admitted into evidence. Following an examination of State's Exhibit 2, the fingerprint expert testified that based on comparison with fingerprints taken from Petitioner shortly before trial, the fingerprints from State's Exhibit 2 were Petitioner's fingerprints.  States's Exhibit 3, the judgment in cause number 199-81362-92, and State's Exhibit 4, the indictment in cause number 199-81362-92, were entered into evidence.

10

Contrary to Petitioner's claim, Texas law provides that probated sentences *can* be used to enhance a DWI offense to a third-degree felony offense. TEX. PEN. CODE ANN. § 49.09 (d); TEX. REV. CIV. STAT. art. 6701l-1 § h; *Ex parte Serranto*, 3 S.W.3d 41, 43 (Tex. Crim. App. 1999); *Rizo v. State*, 963 S.W.2d 137, 138-139 (Tex. App.–Eastland 1998, n.p.h.); *Vrba v. State*, 69 S.W.3d 713, 721 (Tex. App. – Waco 2002, pet. filed November 27, 2002); *Williamson v. State*, 46 S.W.3d 463 (Tex.App.-Dallas May 15, 2001, n.p.h.).

Petitioner claims that his conviction in cause number 199-81362-92 could not be used to enhance his July 21, 1998 DWI offense because the Texas Court of Criminal Appeals granted him habeas corpus relief with regard to that conviction. On November 2, 1994, in an unpublished opinion, the Texas Court of Criminal Appeals ordered Petitioner to be released from custody based on the fact that when the "trial court did not place applicant on probation during the time which the trial court retained jurisdiction, applicant's five-year sentence was automatically discharged." Although the Texas Court of Criminals Appeals ruled that Petitioner had discharged his sentence in cause number 199-81362-92, its finding was limited to his sentence and *did not affect his underlying conviction for DWI.*

Petitioner's claim that his conviction in cause number 199-81362-92 was invalid for enhancement purposes because his trial counsel was ineffective in failing to investigate Petitioner's prior convictions in cause numbers F83-251-HR and F83-246-HR is also groundless. Petitioner's sentence in cause number 199-81362-92 expired long before he filed the instant petition; as a result, this court lacks in-custody jurisdiction to review any allegations directly challenging that conviction.

Congress determined that "the writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.

Under both *Maleng v. Cook*, 490 U.S. 488, 109 S. Ct. 1923 (1989) and *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 121 S. Ct. 1567 (2001), this court lacks jurisdiction to review Petitioner's claim because he is not in the custody of the Director pursuant to his conviction in cause

11

number 199-81362-92. In *Maleng*, the Supreme Court held that a habeas petitioner is not "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." 490 U.S. at 492, 109 S. Ct. at 1926. Additionally, in *Lackawanna*, the Supreme Court severely limited the review of a discharged conviction holding:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-404, 121 S. Ct. at 1574 (internal citation omitted). The court did recognize one exception, stating the "failure to appoint counsel for an indigent [is] a unique constitutional defect . . . rising to the level of a jurisdictional defect, which therefore warrants special treatment among alleged constitutional violations." *Id.*

In this case, Petitioner's conviction in cause number 199-81362-92 is no longer open to direct or collateral attack. *See id.* at 403-404, 121 S. Ct. at 1574. Furthermore, Petitioner does not qualify under the exception because, in addition to Petitioner's *own* admission, the record indicates that he was represented by counsel.

Petitioner claims that his conviction in cause number 199-81362-92 was inadmissible because it was obtained with the use of perjured testimony[1] and that Exhibits 2-5, pertaining to his prior felony conviction for DWI in cause number 219-81397-98, were inadmissible based on the fact that the jail packet contained erroneous information must be denied because they are conclusory.

"Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang*

---

[1]The State's expert witness testified that he matched Evans's fingerprints with a fingerprint card in the Collin County jail packet when both cards were printed for cause number 219-81397-98, not Petitioner's conviction in cause number 199-81362-92.

*v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (citations omitted).  The Fifth Circuit has held "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F. 2d 1008, 1011 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F. 2d 103 (5th Cir.), *cert. denied*, 404 U.S. 957, 92 S. Ct. 325 (1971).   The Fifth Circuit has stated "'in the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we can find no merit of these claims.'" *Miller v. Freeman*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992).  "The presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977); *cf. In re Vey*, 520 U.S. 303, 303, 117 S. Ct. 1294, 1295 (1997) (denying petitioner *in forma pauperis* status because "[h]er various allegations are supported by nothing other than her own conclusory statements that they are true").

Petitioner's claims concerning perjured testimony and tainted evidence are conclusory. Petitioner offers no evidence and there is nothing in the record to support his claim that the jail packet with regard to his conviction for felony DWI in cause number 199-81362-92 contained altered or erroneous information.  Petitioner has provided no evidence to support his allegation that the State's expert witness offered perjured testimony based on a fingerprint card that he alleges did not document his conviction in cause number 199-81362-92.  There is nothing in the record that would suggest that the fingerprint card had been printed for cause number 219-81397-98, not cause number 199-81362-92.  Petitioner's allegations are conclusory and must be dismissed. *Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295.

As to his conviction in cause number 17543, Petitioner asserts that this conviction  was inadmissible to enhance his July 21, 1998 DWI offense to a third-degree felony because: (1) he received a probated  sentence in that cause, and (2) cause number 17543 had been enhanced by cause numbers F86-251-HR and F86-253-HR which were invalid because the state waived jurisdiction

13

over him with regard to those cause numbers and because his trial counsel in cause number 17543 did not investigate his prior convictions and failed to contact him until the day of trial.

As noted above, Petitioner's claim that his conviction in cause number 17543 could not be used to enhance his July 21, 1998 DWI offense to a third-degree felony because he received a probated sentence is wholly without merit. TEX. PEN. CODE ANN. § 49.09 (d); TEX. REV. CIV. STAT. art. 67011-1 § h; *Ex parte Serranto*, 3 S.W.3d at 43; *Rizo*, 936 S.W.2d at 138-139; *Vrba*, 69 S.W.3d at 721. His claim that his conviction in cause number 17543 was inadmissible because cause numbers F86-251-HR and F86-253-HR were inadmissible to enhance that conviction is barred from federal habeas corpus review. *Lackawanna*, 532 U.S. at 403-04, 121 S. Ct. at 1574. Petitioner does not allege that he was deprived counsel altogether in cause number 17543; he only claims that his counsel was ineffective. The judgment in cause number 17543 indicates that Petitioner was represented by an attorney.

Under Texas law his convictions in cause numbers 199-81362-92 and 17543 were admissible to enhance Petitioner's July 21, 1998 DWI offense to a third-degree. Consideration of his claims concerning the admissibility of his prior felony convictions in cause numbers F86-251-HR, F86-253-HR, MB8519397L, F83-246-HR, and F84-029-R with regard to his July 21, 1998 DWI offense is irrelevant. Even assuming *arguendo* that they were erroneously admitted, any error was harmless. *See* TEX. PEN. CODE ANN. § 49.09 (b), (e); *McGee,* 732 F.2d at 451 n.5; *Webster*, 505 F.2d at 931. Allegations 1, 4-9, 11-13 and 15 are dismissed with prejudice.

### *ALLEGATIONS 2 AND 3 RELATING TO THE ENHANCEMENT PARAGRAPHS.*

In allegations **2** and **3**, Petitioner alleges that the same  prior offenses were used repeatedly in Count I of the indictment. He claims that cause numbers F83-246-HR, F84-029-R, F86-251-DR, and F86-253-HR were used in paragraphs 9, 8, 5, and 6 in Count I and used again in paragraphs 3, 4, 5, and 6 in Count I. Petitioner contends that cause numbers C74-3475-PQ and CRF-76-1314 were used in counts B and C of the indictment and then included again in count G of the indictment. Because they attack the indictment, these claims are barred from federal habeas corpus review

14

because the 219th Judicial District Court had jurisdiction over Petitioner's July 21, 1998, DWI offense.

Petitioner has failed to state a federal constitutional violation. The facts he asserts in support of the claim do not show any error. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *cert. denied*, 513 U.S. 854, 115 S. Ct. 157 (1994) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980), *Millard v. Lynaugh*, 810 F.2d 140, 1407 (5th Cir.), *cert. denied*, 484 U.S. 838, 108 S. Ct.122 (1987); *Alexander v. McCotter*, 775 F.2d 595, 589-99 (5th Cir. 1985)). The Fifth Circuit has held ". . . that the district court would be required to accord due deference to the state court's interpretations of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Id.* at 69 (citing *Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983), *cert. denied*, 466 U.S. 975, 104 S. Ct. 2353 (1984)). By denying Petitioner's state writ, the Texas Court of Criminal Appeals necessarily, though not expressly, found that the indictment conferred jurisdiction on the trial court and was sufficient. *Ex parte Petitioner*, Application No. 17,172-04; *see McKay*, 66 F.3d at 70 (citing *Alexander,* 775 F.2d at 599 (when the Texas Court of Criminal Appeals denies a state writ which raised the issue of the sufficiency of a state indictment, the court has implicitly determined that the indictment confers jurisdiction on the trial court and is sufficient under state law)); *see also Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988) (holding that Texas Court of Criminal Appeals denial of petitioner's habeas corpus application implicitly rejected his contention that state court indictment was fundamentally defective, thus foreclosing him from challenging indictment in federal proceeding), *cert. denied*, 489 U.S. 1086, 109 S. Ct. 1546 (1989).

Federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under rules of state procedure. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Because Petitioner's claims are predicated solely on Texas law, they are not cognizable on federal habeas review.

15

Petitioner has failed to demonstrate that the Court of Criminal Appeals's decision to deny relief "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Allegation 2 and 3 relating to the enhancement paragraphs are dismissed with prejudice.

## *CLAIM 10 IS A STATE LAW CLAIM AND NOT SUBJECT TO FEDERAL HABEAS CORPUS RELIEF.*

Petitioner claims that the state DWI enhancement statute, codified at Section 49.09(d) of the Texas Penal Code, is incompatible with the general enhancement statute, codified at Section 12.42(d) of the Texas Penal Code. Petitioner challenges the fact that the court employed the DWI enhancement statute to enhance his primary offense to a third-degree felony and then used the general enhancement statute to enhance his punishment to a second-degree felony DWI offense. He contends that the use of both enhancement statutes in conjunction with one another has resulted in a sentence beyond that provided in the DWI enhancement statute.

This claim must fail under the well-settled rule that it is not a federal habeas court's function to review a state's interpretation of its own laws. *Estelle,* 502 U.S. at 67-68; *Weeks,* 55 F.2d at 1063; *Hill,* 210 F.3d at 491.

Petitioner has failed to allege, much less demonstrate, that the Court of Criminal Appeals's decision to deny these claims as presented in his state application for habeas corpus was in conflict with clearly established federal law as determined by the Supreme Court or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

Claim 10 is dismissed with prejudice.

## *ALLEGATION 14, CHALLENGING FAILURE TO PROVE ELEMENTS OF OFFENSE.*

In allegation **14,** Petitioner asserts that the State failed to prove the nine enhancement paragraphs included in Count I of the indictment. As stated *supra,* a federal habeas court does not

16

sit as a super state court to review questions of state law.  *Weeks*, 55 F.3d at 1063; *Fierro*, 879 F.2d
at 1278.  The issue of whether or not the State proved all of the enhancement allegations alleged in
Count I of the indictment is purely an issue of state law.  *Id.*; *Fierro*, 879 F.2d at 1278.  Thus,
Petitioner has failed to state an actionable claim for habeas corpus relief.

As previously noted above, Petitioner has failed to meet his burden of proof required in order
to obtain federal habeas corpus relief under the AEDPA.  He has not shown that the decision of the
Texas Court of Criminal Appeals was an unreasonable application of federal law or that it was an
unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).

The Fifth Court of Appeals found that Petitioner is not entitled to relief with respect to this
claim.  *Evans v. State*, slip op. at 4.  It held that "[t]he State may allege more than the required
number of DWI convictions but only prove the requisite amount to obtain a felony DWI conviction."
*Id.* at 4 (citing *May v. State*, 350 S.W.2d 924, 925 (Tex. Crim. App. 1961)); *Wesley v. State*, 997
S.W.2d 874, 876-77 (Tex. App. – Waco 1999, n.p.h.); *Read v. State*, 955 S.W.2d 435, 436-37 (Tex.
App. – Fort Worth 1997, pet. ref'd); *Biederman v. State*, 724 S.W.2d 436, 437 (Tex. App. – Eastland
1987, pet. ref'd).

Claim 14 is dismissed with prejudice.

### *THE TRIAL JUDGE'S ALLEGED BIAS (ALLEGATION 16).*

Petitioner claims that the trial judge was biased because the judge: (a) allowed State's
Exhibits 12, 13, 18, and 22-25 into evidence despite the fact that the State failed to counter the
defense's objections to the admission of the Exhibits; (b)  called a recess during the punishment
phase of his trial and told the prosecutor what must be admitted; (c) chastised him for preserving his
option to appeal; and (d) ignored his protests concerning his appointed counsel despite Petitioner's
complaint submitted to the State Bar.

The State offered Exhibit 12 (Texas pen packet relating to Count B and judgment in Cause
No. C74-3475) on January 28, 1999.    At this point, Petitioner objected to its admissibility
contending that it did not meet the admissibility standards under the Texas Code of Criminal

Procedure and offered to submit a brief on the issue to the court.    The judge stated that its admissibility would be taken under advisement.    On February 26, 1999, the second day of the punishment phase of Petitioner's trial, the trial judge overruled trial counsel's objection to the admissibility of Exhibit 12.

Exhibit 13, pertaining to Counts C-F of the indictment contained an Oklahoma pen packet including the judgments for Petitioner's felony convictions for burglary in cause numbers CRF-76-1314, for larceny of an automobile in cause number CRF-76-1215, for burglary in cause number CRF-76-1274, and for first-degree burglary in cause number 21672, was offered into evidence by the  state during the punishment phase of Petitioner's trial.    Petitioner objected to its admission based on the fact it contained Oklahoma judgments which failed to comply with Texas's admissibility standards. The judge found that the admissibility of Exhibit 13 would be taken under advisement while briefs were to be submitted by both sides. The trial judge overruled Petitioner's objection and admitted Exhibit 13 into evidence on February 26, 1999. With regard to Exhibit 18 (Petitioner's Texas Department of Transportation Driving Packet), Petitioner's objection to the admissibility was overruled and the Exhibit was entered into evidence during the guilt/innocence phase of the trial. As to Exhibit 22 (the judgment for Petitioner's Oklahoma felony conviction for Driving Under the Influence ("DUI") in cause number CF-TU-97-001898), the judge admitted it into evidence during the punishment phase of the trial on February 26, 1999. The trial judge admitted State's Exhibit 23 (the judgment for Petitioner's Oklahoma felony conviction for Driving Under a Revoked License in cause number CF-TU-0001898), into evidence during the punishment phase of the trial on February 26, 1999. Exhibit 24 (the judgment reflecting Petitioner's Oklahoma conviction for DUI in cause number CF-TU-001898), was also admitted into evidence during the punishment phase of the trial on February 26, 1999.  Finally, on February 26, 1999 the trial judge admitted State's Exhibit 25 (a criminal record packet of Petitioner's felony convictions), into evidence.

Petitioner has failed to allege, much less demonstrate, that the Court of Criminals Appeals' decision to deny these claims as presented in his state application for habeas corpus was in conflict

18

with clearly established federal law as determined by the Supreme Court or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

Petitioner's claim that the trial judge was biased because the judge admitted Exhibit 12-13, 18, and 22-25 into evidence despite the fact that the State failed to counter the Petitioner's objections is conclusory and must be dismissed. *Schlang*, 691 F.2d at 799. Petitioner fails to provide any evidence or point to anything in the record suggesting that the trial judge's ruling was the product of any bias. *Id.*; *Ross*, 694 F. 2d at 1011. Petitioner merely concludes that the trial judge was biased solely because the trial judge decided to overrule his objections. *Id.*; *Ross*, 694 F. 2d at 1011. Petitioner's obvious disagreement with the trial judge's decision cannot support his claim that the trial judge was in any way biased; therefore, it must be dismissed as conclusory. *See Id.*; *Ross*, 694 F. 2d at 1011*; Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295.

Since this claim rests on the trial judge's evidentiary rulings, it must also be denied because Petitioner has failed to state a claim for federal habeas corpus relief. As stated above, evidentiary rulings of a state court do not warrant federal habeas corpus relief unless the errors are so extreme that they constitute a denial of fundamental fairness under the Due Process Clause. *Little,* 162 F.3d at 862; *Gable*, 803 F.2d 814, 815-16; *Derden*, 978 F.2d at 1458. "'[F]ederal habeas corpus relief does not lie for errors of state law.' In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States." *Weeks*, 55 F.2d at 1063; *Hill*, 210 F.3d at 491; *Little,* 162 F.3d at 862; *Dickerson,* 932 F.2d at 1145; *Gable,* 803 F.2d 815-16.

Petitioner alleges "[a]t the punishment phase the judge joined the prosecution team and he and the prosecutor discuss what evidence has been admitted. The judge tells the prosecutor what must be presented and calls a recess to allow more time to gather the desired evidence. A 28 day recess had just ended and both sides had already closed on evidence. Evidence was argued and admitted during the insinuated hearings that Petitioner was not allowed to attend and can obtain no

19

records of said hearings."

This empty allegation cannot support a claim for federal habeas corpus relief. *Schlang*, 691 F.2d at 799. Petitioner provides no evidence and fails to point to anything in the record which would support his claim that the trial judge "joined the prosecution team." *Schlang*, 691 F.2d at 799; *Ross*, 694 F. 2d at 1011. Petitioner's broad reference to the record does not lend support to his claim that the trial judge was biased because evidence was admitted during a hearing which he had been prohibited from attending.   Contrary to Petitioner's claim, the record does not indicate that he was absent at any part of his trial, including both the guilt/innocence and punishment phases of his trial. Additionally, Petitioner fails to specifically allege what evidence had been admitted in his absence. Petitioner provides no federal law to support this claim. *Schlang*, 691 F.2d at 799; *Ross*, 694 F. 2d at 1011.   Petitioner's self-serving and conclusory allegation must be dismissed. *See id*.; *Ross*, 694 F. 2d at 1011; *Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295.

Petitioner alleges that the trial judge was biased because "[o]n 5-24-99, Petitioner was chastised by Judge Henderson for preserving his option to appeal."    Again, Petitioner fails to provide any evidence and point to anything in the record to support this claim. *Schlang*, 691 F.2d at 799; *Ross*, 694 F. 2d at 1011. He has again failed to show, much less allege, a violation of federal law in support of this allegation. *Id*.; *Ross*, 694 F. 2d at 1011. As a result, Petitioner's bald allegation without any evidentiary support must be dismissed. *See Id*.; *Ross*, 694 F. 2d at 1011; *Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295.

Petitioner alleges that "[r]eappointment of counsel [on appeal] was protested, but ignored by the Court . . . The Court was also aware of the complaint submitted to the State Bar, but reappointed counsel again on 9-24-99, for the third time."

The record   directly refutes Petitioner's claim that the trial judge ignored his request to reappoint counsel even though Petitioner had submitted a complaint to the State Bar. On September 25, 1999, the trial court held a hearing on Petitioner's "Motion for a Temporary Injunction, Leave

20

to File Appellate Brief and Extension of Time." Contrary to Petitioner's claim that the trial court denied his request for reappointment of counsel, after meeting with his attorney, Petitioner informed the judge of his decision to allow his appellate counsel, Rosenstein, to continue to represent him on appeal. I SF Hearing September 24, 1999, at 15-16. Because the record refutes these claims, they must be denied. All claims alleging bias by the trial court are dismissed with prejudice.

## *PETITIONER WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL OR ON APPEAL (17 & 18).*

Petitioner alleges that his trial counsel was ineffective because he: (a) failed to investigate the validity of Petitioner's prior felony convictions from Oklahoma as alleged in Counts A-F of the indictment; (b) failed to request a pre-trial hearing to contest Petitioner's invalid prior felony convictions; (c) provided Petitioner with misleading information about the trial date; (d) waived his right to a speedy trial; (e) failed to obtain any evidence on his behalf; and (f) failed to make any objections on Petitioner's behalf.

Petitioner has failed to allege, much less demonstrate, that the Court of Criminals Appeals's decision to deny these claims as presented in his state application for habeas corpus was in conflict with clearly established federal law as determined by the Supreme Court or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

In order to obtain habeas relief based on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance of counsel prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984; *See Carson v. Collins*, 993 F.2d 461, 466 (5th Cir.), *cert. denied*, 510 U.S. 897, 114 S. Ct. 265 (1993).

To establish deficiency under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65. This objective standard is "highly deferential" and includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional

21

assistance." *Id.* at 689, 104 S. Ct. at 2065. Counsel's deficient performance must not cause the outcome to be unreliable or the proceeding to be fundamentally unfair: "[U]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994), *quoting Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838 (1993).

To establish prejudice under *Strickland*, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. It is not sufficient that the petitioner merely allege a deficiency on the part of counsel; he must "affirmatively prove" prejudice in his petition. *Id.* at 693, 104 S. Ct. at 2067. The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence. *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied,* 469 U.S. 1028, 105 S. Ct. 447 (1984); *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S. Ct. 2977 (1993). In deciding ineffective assistance claims, a court need not address both prongs of the *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960, 115 S. Ct. 418 (1994). Therefore, the deficiency prong need not be considered if the petitioner has failed to demonstrate prejudice. *Strickland,* 466 U.S. at 697, 104 S. Ct. at 2070; *Martin v. Cain,* 206 F.3d 450, 457 (5th Cir. 2000).

In determining the merits of an alleged Sixth Amendment violation, courts "must be highly deferential," and every effort must be made to eliminate the "distorting effect of hindsight." *Id.* at 689, 104 S. Ct. at 2065. A reviewing court is required to presume counsel's "conduct fell within the wide range of reasonable professional assistance." *Id.*, *quoted in Dupuy v. Cain*, 201 F.3d 582, 590 (5th Cir. 2000). To meet this burden, he must do more than simply allege prejudice; instead, he must "affirmatively prove" it. *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067.

Petitioner maintains that his trial counsel, Rosenstein rendered ineffective assistance because

22

he failed to investigate his prior felony convictions from Oklahoma.

"Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. However, in assessing unreasonableness, a heavy measure of deference must be applied to counsel's judgments. *Id.* A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *See Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir.1982); *U.S. v. Lewis*, 786 F.2d 1278 (5th Cir.1986); *Alexander*, 775 F.2d 602; *U.S. v. Green*, 882 F. 2d 999, 1001 (5th Cir. 1989).

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Schlang*, 691 F.2d at 799; *Ross*, 694 F. 2d at 1011. Here, Petitioner merely speculates that the convictions were invalid under Texas law without providing any evidentiary support to his conclusion. Nothing in the record indicates that trial counsel failed to investigate the validity of his prior convictions, and Petitioner fails to provide any evidence to the contrary. *Id.*; *Ross*, 694 F. 2d at 1011. Therefore, this allegation must be dismissed as conclusory. *Id.*; *Ross*, 694 F. 2d at 1011; *Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295.

Petitioner has failed to allege, much less demonstrate, that his trial counsel's performance was deficient or fell "below an objective standard of reasonableness." *Stickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-66; *see also Black*, 962 F.2d 394, 401 (5th Cir.),*cert. denied*, 504 U.S. 992, 112 S. Ct. 2983 (1992). Petitioner has also failed to affirmatively prove that his trial counsel's alleged failure to investigate his prior convictions in any way prejudiced the outcome of his trial. *Id.* at 693, 104 S. Ct. at 2067; *Gray*, 677 F.2d 1086; *U.S.*, 786 F.2d 1278; *Alexander*, 775 F.2d 595; *Green*, 882 F. 2d 999.

Petitioner alleges that his trial counsel was ineffective for failing to request a pre-trial hearing

23

to contest his alleged invalid prior felony convictions.

This allegation is conclusory and must be denied.  This allegation is unsupported and unsupportable by anything in the record. *Schlang*, 691 F.2d at 799; *Ross*, 694 F. 2d at 1011.  "'[I]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we can find no merit of these claims.'" *Miller v. Freeman*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992).  As a result, it must be dismissed due to the fact it presents nothing more than a conclusory allegation which cannot provide a basis for federal habeas corpus relief.  *Id.*; *Ross*, 694 F. 2d at 1011; *Blackledge*, 431 U.S. at 74,  97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295.

Petitioner fails to allege or show that his trial counsel's performance was deficient or fell "below an objective standard of reasonableness." *Stickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-66; *see also Black*, 962 F.2d 394, 401 (5th Cir.), *cert. denied*, 504 U.S. 992, 112 S. Ct. 2983 (1992). Moreover, Petitioner has failed to affirmatively prove that his trial counsel's alleged failure to investigate his prior convictions in any way prejudiced the outcome of his trial.  *Id.* at 693, 104 S. Ct. at 2067; *Gray*, 677 F.2d 1086.

Petitioner claims that his trial counsel was ineffective because he  provided him with misleading information about his trial date.  This allegation must be dismissed as conclusory; moreover, Petitioner has failed to allege, much less establish, prejudice.

Petitioner's empty allegation that his trial counsel provided him with misleading information about his trial date is unsupported and unsupportable by anything in the record. *Schlang*, 691 F.2d at 799; *Ross*, 694 F. 2d at 1011.

Petitioner has failed to show prejudice under *Strickland*.  A habeas petitioner is required to "affirmatively prove" prejudice.  *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067.  Here, Petitioner has utterly failed to meet his burden.  *Id.*; *Martin*, 711 F.2d at 1279; *Jernigan*, 980 F.2d at 296. Thus, an examination of the deficiency prong is unnecessary, and this claim must be denied.  *Id.* at

24

697, 104 S. Ct. at 2070; *Martin,* 206 F.3d at 457.

Petitioner claims that his trial counsel was ineffective because counsel waived Petitioner's right to speedy trial. Petitioner merely states that his trial counsel waived a speedy trial without specifically alleging prejudice; therefore, this claim must fail. *Ross*, 694 F. 2d at 1011; *Blackledge,* 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey* , 520 U.S. at 303, 117 S. Ct. at 1295. "'[I]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we can find no merit to these claims.'" *Miller*, 200 F.3d at 282. Petitioner has failed to "affirmatively prove" prejudice; therefore, this claim must be dismissed. *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067; *Martin*, 711 F.2d at 1279; *Jernigan*, 980 F.2d at 296; *Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295. Because Petitioner has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different [or] sufficient to undermine confidence in the outcome[,]" it is unnecessary to consider whether his trial counsel's performance was deficient. *Id.* at 694, 697, 104 S. Ct. at 2068, 2070; *Martin,* 206 F.3d at 457; *Loyd*, 977 F.2d at 159.

"[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record,  to be of probative evidentiary value." *Ross*, 694 F. 2d at 1011. Therefore, "the presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at1295.

Petitioner presents neither any evidence nor points to anything in the record that would support his claim that his trial counsel was ineffective for failing to obtain evidence on his behalf. *Schlang*, 691 F.2d at 799; *Ross*, 694 F. 2d at 1011. He fails to identify what evidence his attorney should have presented, at what stage of his trial it should have been presented, and whether such evidence would have been favorable, or even admissible at trial. Thus, Petitioner's bald allegation must be dismissed. *Id.*; *Ross*, 694 F. 2d at 1011; *Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf.*

*In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295.   As noted by the Texas Court of Appeals, Petitioner never challenged the underlying offense.

The record in this case directly refutes his allegation that his trial counsel failed to make any objections. 3 SF 5- 6, 38- 39, 40, 41-42, 51, 53, 55, 57; 3 SF 4, 6- 7.  Petitioner fails to state what objections should have been made by his trial counsel and when his trial counsel should have made them. *Schlang*, 691 F.2d at 799; *Ross*, 694 F. 2d at 1011. Consequently, in the absence of anything of probative or evidentiary value, Petitioner's self-serving, conclusory allegation cannot be a basis for federal habeas corpus relief. *Id.*; *Ross*, 694 F. 2d at 1011; *Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629; *cf. In re Vey*, 520 U.S. at 303, 117 S. Ct. at 1295.

Petitioner claims that his appellate counsel, Rosenstein, rendered ineffective assistance because he: (a) failed to pursue his direct appeal; and (b) failed to notify him when his conviction was affirmed and failed to inform him that he could file a *pro se* PDR, thereby denying him his right to file a PDR in the Texas Court of Criminal Appeals.

Petitioner has failed to meet his burden of proof under the AEDPA.  As previously noted, Petitioner has failed to allege, much less demonstrate, that the Court of Criminals Appeals's decision to deny these claims as presented in his state application for habeas corpus was in conflict with clearly established federal law as determined by the Supreme Court or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

A defendant is constitutionally entitled to effective assistance of counsel on appeal where the appeal is a matter of right under state law. *Evitts v. Lucey*, 469 U.S. 387, 394-95, 105 S. Ct. 830, 835 (1985); *Douglas v. California*, 372 U.S. 353, 355-56, 83 S. Ct. 814, 815-16 (1963).  Where an allegation of ineffective assistance of appellate counsel is based on failure to advance certain issues on appeal, courts have refused to find counsel ineffective when the proposed issues are without merit. *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981); *Hooks v. Roberts,* 480 F.2d 1196, 1197-98 (5th Cir.), *cert. denied*, 414 U.S. 1163, 94 S. Ct. 926 (1974).  Appellate counsel is not ineffective because he failed to raise the issues presented by the defendant or because he failed to

26

raise every possible point on appeal. *Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991). "'It is not required that an attorney argue every conceivable issue on appeal, especially when some may be without merit. Indeed, it is his professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach.'" *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311 (1983) (citation omitted).  Further, appointed counsel prosecuting an appeal on an adequate trial record is not constitutionally required to confer with his client about legal issues to be presented on appeal. *Hooks*, 480 F.2d at 1197.

Here, appellate counsel's alleged deficiencies did not prevent appellate review or entirely fail to challenge the prosecution's case. Thus, Petitioner must demonstrate that counsel's deficiency was prejudicial within the meaning of *Strickland.  Sharp,* 930 F.2d at 452; *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir.), *cert. denied*, 479 U.S. 965, 107 S. Ct. 466 (1986).  Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064.  Since Petitioner is challenging appellate counsel's effectiveness, in order to prove prejudice he must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [appeal] would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the appeal].'" *Sharp*, 930 F.3d at 453 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

Contrary to Petitioner's claim, the record establishes that his appellate counsel filed Petitioner's direct appeal brief on December 1, 1999. *Evans v. State*, No. 05-99-00511-CR, Appellant's Brief.  Petitioner cannot show that counsel's performance fell beyond the bounds of prevailing, objective, professional standards. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064-65. Petitioner has failed to "affirmatively prove" prejudice, *id*. at 693, 104 S. Ct. at 2067, because he has not shown "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [appeal] would have been different.'" *Sharp*, 930 F.3d at 453.

Claims 17 and 18 are dismissed with Prejudice.

***FAILURE TO GRANT PDR (19).***

On March 18, 2002, in response to Petitioner's third state writ of habeas corpus, the Texas Court of Criminal Appeals granted Petitioner an out-of-time PDR. *Ex parte Evans*, Application No. 17,172-03, "MANDATE," March 18, 2002.  Petitioner filed his PDR in the Fifth Court of Appeals of Texas on March 13, 2002.  The Texas Court of Criminal Appeals refused his PDR on May 1, 2002.  Accordingly, this issue is moot.  *See Honig,* 484 U.S. at 318, 108 S. Ct. at 601;   *Howell Hydrocarbons, Inc.*, 897 F.2d at 191; *American Medical Ass'n,* 857 F.2d at 270.

Petitioner asserts that he was denied an out-of-time PDR and that the Texas Court of Criminal Appeals refused his PDR after the court had granted him the opportunity to file an out-of-time PDR in response to his third state application for habeas corpus relief.  Petitioner has failed to state a claim for habeas corpus relief; thus, this allegation must be dismissed.

Petitioner's attack on the Court of Criminal Appeals's refusal to grant him an out-of time PDR and ultimate decision to refuse his out-of-time PDR after granting Petitioner the opportunity to submit one also fails to state a claim upon which this court can grant relief.  FED. R. CIV. PRO. 12(b)(6);  *cf. Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.) (a state has no constitutional duty to provide post conviction remedies; "[e]ven if there was some error in the state denial of a hearing before adjudicating petitioner guilty of abuse of the writ process, this would not entitle Petitioner to federal habeas corpus relief because the complaint is an attack on a proceeding collateral to the detention and not the detention itself" (citations omitted)), *cert. denied*, 484 U.S. 838, 108 S. Ct. 122 (1987);  *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984) ("[i]nfirmities in state habeas proceedings do not state a claim for federal habeas corpus relief"); *Tijerina v. Estelle*, 692 F.2d 3, 5 (5th Cir. 1982) (need for an evidentiary hearing is a decision to be made by the state convicting court in the exercise of its sound discretion (citing TEX.CODE CRIM.PROC. art. 11.07 Sec. 2(d); *Ex Parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967))).

Claim 19 is dismissed with prejudice.

28

### *ALLEGATIONS AS TO PRIOR FELONIES (20).*

Petitioner alleges that his prior felony convictions as alleged Counts A-F, were inadmissible to enhance his sentence under Section 12.42 of the Texas Code of Criminal Procedure because all of the offenses did not occur before every prior DWI offense alleged in Count I of the indictment. Petitioner alleges that his prior felony conviction for Interstate Transportation of a Stolen Firearm in cause number 76-CR-65 alleged in Count A of the indictment was inadmissible because it was not an offense under Texas law.   Petitioner also claims that his prior felony conviction for Aggravated Assault in cause number C-74-3475-PQ alleged in Count B of the indictment was inadmissible to enhance his sentence due to the fact that it lacked signatures and because his retained counsel failed to appear and because the expected probation was not assessed.   Petitioner alleges that his prior felony convictions for Burglary, Larceny of an Automobile, and first-degree Burglary alleged in Counts C-F of the indictment were inadmissible to enhance his sentence because no indictment or waivers were ever presented.

This allegation must be dismissed because it is a state law claim; therefore, it does not provide a basis on which this court can grant federal habeas corpus relief.   Federal habeas corpus relief cannot be had "'absent the allegation by a petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Weeks*, 55 F.2d at 1063; *Malchi*, 211 F.3d at 957.   It is well established that federal courts do not sit to review the mere admissibility of evidence under state law or errors under state law. *Estelle,* 502 U.S. at 67-68; *Weeks*, 55 F.2d at 1063; *Hill*, 210 F.3d at 491; *Little,* 162 F.3d at 862; *Dickerson,* 932 F.2d at 1145; *Gable*, 803 F.2d at 815-16; *Yohey,* 985 F.2d at 228-29.   Further, evidentiary rulings of a state court do not warrant federal habeas corpus relief unless the errors are so extreme that they constitute a denial of fundamental fairness under the Due Process Clause. *Little,* 162 F.3d at 862; *Derden*, 978 F.2d at 1458; *Gable*, 803 F.2d at 815-16; *Derden*, 978 F.2d at 1458.   Habeas relief is warranted only when erroneous admission played a crucial, critical, and highly significant role in the

trial. *Skillern,* 720 F.2d at 852; *Mullen,* 808 F.2d at 1143-1146; *Johnson,* 778 F.2d at 1051; *Bailey,* 744 F.2d at 1168-69.

Petitioner only challenges the trial judge's rulings regarding the admissibility of Petitioner's prior felony convictions, as presented in Counts A-F of the indictment, to enhance his July 21, 1998 DWI offense to a second-degree felony under Section 12.42(d) of the Texas Penal Code; thus, these claims must be dismissed. *Little,* 162 F.3d at 862; *Gable,* 803 F.2d at 815-16; *Yohey,* 985 F.2d at 228-29; *Derden,* 978 F.2d at 1458.

Petitioner has failed to allege, much less establish that the Court of Criminal Appeals' decision to deny relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence . . ." 28 U.S.C. §§ 2254(d).

Claim 20 is dismissed with prejudice.

### PETITIONER'S CLAIM TO RELEASE (21).

Petitioner alleges that the Director has  incorrectly applied Section 508.149 of the Texas Government Code to his sentence and is illegally denying him release to mandatory supervision. Petitioner maintains that the prior convictions used to enhance his July 21, 1999 DWI offense were necessary elements of his July 21, 1998 DWI; thus, under the savings clause, Texas' discretionary mandatory supervision statute is inapplicable to his sentence.  This claim is solely a state law issue; thus, it is not cognizable on federal habeas corpus review and must be dismissed.

Texas Government Code Section 508.149, which became effective on September 1, 1996, allows the Board to prevent a prisoner from obtaining release under mandatory supervision if "(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." *See* TEX. GOV'T CODE § 508.149 (West 1999); *compare with* TEX. CODE CRIM. PROC. Art. 42.18 § 8(c) (does not provide for the use of discretion when determining a prisoner's eligibility for release on mandatory supervised

release).[2]  Specifically, Petitioner asserts that according to the historical and statutory notes concerning Texas Government Code Section 508.149(b),  Article 42.12, Section 8(c) of the Texas Code of Criminal Procedure controls his eligibility for release to mandatory supervision since his prior convictions for DWI, were elements of his July 21, 1998 DWI offense.

---

[2] Article 42.12 § 8(c) provides:

Except as otherwise provided by this subsection, a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced. A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole. To the extent practicable, arrangements for the prisoner's proper employment, maintenance, and care shall be made prior to his release to mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time served on mandatory supervision is calculated as calendar time. Every prisoner while on mandatory supervision shall remain in the legal custody of the state and shall be amenable to conditions of supervision ordered by the parole panel. A prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code or if the prisoner is serving a sentence for:
(1) a first degree felony under Section 19.02, Penal Code (Murder);
(2) a capital felony under Section 19.03, Penal Code (Capital Murder);
(3) a first degree felony or a second degree felony under Section 20.04, Penal Code (Aggravated Kidnapping);
(4) a second degree felony under Section 22.011, Penal Code (Sexual Assault);
(5) a second degree or third degree felony under Section 22.02, Penal Code (Aggravated Assault);
(6) a first degree felony under Section 22.021, Penal Code (Aggravated Sexual Assault);
(7) a first degree felony under Section 22.03, Penal Code (Deadly Assault on Law Enforcement or Corrections Officer or Court Participant);
(8) a first degree felony under Section 22.04, Penal Code (Injury to a Child or an Elderly Individual);
(9) a first degree felony under Section 28.02, Penal Code (Arson);
(10) a second degree felony under Section 29.02, Penal Code (Robbery);
(11) a first degree felony under Section 29.03, Penal Code (Aggravated Robbery); or
(12) a first degree felony under Section 30.02, Penal Code (Burglary), if the offense is punished under Subsection (d)(2) or (d)(3) of that section.
(West 1993).

Petitioner fails to state a claim upon which federal habeas corpus relief can be granted. The issue of whether or not the use of a defendant's prior convictions for DWI for enhancement purposes under Texas Penal Code 49.04 are regarded as elements of an offense under Texas Government Code, Section 508.149(b) is solely a question of state law. *Weeks*, 55 F.3d at 1063; *Fierro*, 879 F.2d at 1278.

Petitioner has failed to meet his burden of proof under the AEDPA. As previously stated, Petitioner has failed to allege, much less demonstrate, that the Court of Criminals Appeals' decision to deny these claims as presented in his state application for habeas corpus was in conflict with clearly established federal law as determined by the Supreme Court or "was based on an unreasonable determination of the facts in light of the evidence."

In *Weaver v. State*, the Texas Court of Criminal Appeals held that

> a prior intoxication-related conviction may not be used as an element of the offense of felony DWI if that prior offense was committed more than ten years before the instant offense, unless there is an intervening intoxication-related conviction. That does not mean that the State, as the court of appeals held, must submit *to the jury* proof beyond a reasonable doubt of the intervening offense. To so hold would, in essence, create another element of the offense of felony DWI, and § 49.09(e) is not an element of that offense. That is, § 49.09(e) does not describe the forbidden conduct, the required culpability, any required result, nor does it create an exception to the offense . . . Rather, § 49.09(e) bars the State, in certain circumstances, from proving all of the elements of the offense. In that sense, § 49.09(e) is more akin to a rule of admissibility, as opposed to an element of the offense.

87 S.W.3d 557, 561 (Tex. Crim. App. 2002) (citations omitted) (original emphasis).

In the instant case, the Petitioner has misconstrued the applicable state law. Contrary to his assertion, under Sections 49.09(b) and (e) of the Texas Penal Code, his prior DWI convictions were jurisdictional elements used solely for the purpose of vesting jurisdiction in the district court or the criminal district court, as opposed to the crime of DWI. Under Section 49.09, the elements of the offense of DWI include "intoxicated while operating a motor vehicle in a public place." TEX. PEN.

32

CODE § 49.09;  *Weaver*, 87 S.W.3d at 561.   Thus, it is clear that Petitioner's two prior DWI convictions in cause numbers 199-81362-92 and 17543 should not be regarded as necessary elements of the offense. *See Weaver*, 87 S.W.3d at 561.  Since Petitioner committed the offense of DWI on July 21, 1998, the Board was correct when it applied Section 508.149 of the Government Code with regard to its determination of whether Petitioner was eligible for mandatory supervised release.

For the reasons noted above, the Court denies Petitioner's request for habeas relief and dismisses his claims with prejudice.

**SO ORDERED.**

**SIGNED** this 27th day of September, 2005.

**RICHARD A. SCHELL**
**UNITED STATES DISTRICT JUDGE**

33